UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOMINIC C.,

          Plaintiff,

v.                                                          5:21-CV-0124
                                                            (ML)
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

Pro Se Plaintiff DOMINIC C.
109 Greenapple Lane
Minoa, New York 13116

SOCIAL SECURITY ADMINISTRATION                              JESSICA RICHARDS, ESQ.
  Counsel for the Defendant                                Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on September 7, 2022, during a telephone conference

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)  Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is DENIED.

2)  Defendant's motion for judgment on the pleadings (Dkt. No. 17) is GRANTED.

3)  The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)  Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)  The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 9, 2022
      Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
C

vs.                                  5:21-CV-0124

COMMISSIONER OF SOCIAL SECURITY



_____
```

DECISION AND ORDER

September 7, 2022

The HONORABLE MIROSLAV LOVRIC,

DISTRICT MAGISTRATE JUDGE

A P P E A R A N C E S

For Plaintiff:     D.C., Pro se

For Defendant:     JESSICA RICHARDS, ESQ.

*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York  13901*

1    THE COURT:  So I will begin my decision as
2    follows.  So I begin by indicating that the plaintiff
3    commenced this proceeding pursuant to Title 42 United States
4    Code Section 405(g) to challenge the adverse determination
5    by the Commissioner of Social Security finding that he was
6    not disabled at the relevant times and therefore ineligible
7    for the benefits that he sought.
8    By way of background, and in summary, the Court
9    states as follows:  Plaintiff was born in 1956.  He is
10   currently approximately 66 years of age.  He was
11   approximately 27 years of age at the alleged onset of his
12   disability on December 7th of 1983.  Plaintiff is
13   approximately 5 feet 10 inches in height and weighs
14   approximately 195 pounds.  Plaintiff was involved in a slip
15   and fall at his workplace on December 7th, 1983, where he
16   had been working selling cars.  As a result of that event,
17   plaintiff hurt his back and right ankle.
18   Procedurally, the Court sets forth as follows:
19   Plaintiff applied for Title II benefits on July 19th, 2017,
20   alleging an onset date of December 7th, 1983.
21   Administrative Law Judge John M. Lischak conducted
22   a hearing on June 19th of 2019 which was adjourned and
23   recommenced on November 13th of 2019.  Plaintiff was
24   represented by Attorney Anthony DiMartino at the
25   administrative hearings.

1    ALJ Lischak issued an unfavorable decision on
2    March 18th of 2020.  That became a final determination of
3    the Agency on December 16th of 2020, when the Social
4    Security Administration Appeals Council denied the
5    plaintiff's application for review.
6          This action was commenced on February 3rd of 2021,
7    and it is timely.
8          In his decision, ALJ Lischak applied the familiar
9    five-step test for determining disability.
10         At step one, the ALJ concluded that plaintiff had
11   not engaged in substantial gainful activity since
12   December 7, 1983, through December 31 of 1988, which was the
13   date on which plaintiff was last insured.
14         At step two, the ALJ concluded that through the
15   date last insured, plaintiff suffered from a severe
16   impairment that imposed more than minimal limitations on his
17   ability to perform basic work activities, specifically the
18   ALJ noting chronic lumbosacral strain.  The ALJ found that
19   plaintiff -- plaintiff's depression did not cause more than
20   minimal limitations in his ability to perform basic mental
21   work activities and thus was a nonsevere impairment.
22         At step three, the ALJ Lischak concluded that
23   plaintiff's conditions did not meet or medically equal any
24   of the listed presumptively disabling conditions set forth
25   in the commissioner's regulations, and the ALJ focusing on

1   listing 1.04 that deals with disorders of the spine.
2           The ALJ next determined that plaintiff retains the
3   residual functional capacity to perform medium work except
4   that plaintiff could only use his feet frequently.  He was
5   able to stoop frequently, according to the ALJ.
6           Finally, the ALJ indicated plaintiff was limited
7   to unskilled work due to pain associated with his back
8   impairment.
9           At step four, the ALJ concluded that plaintiff
10  does not have any past relevant work.
11          At step five, the ALJ concluded that considering
12  plaintiff's age, education, work experience, and RFC, there
13  were jobs that existed in significant numbers in the
14  national economy that he could have performed.
15          Based on the testimony of a vocational expert, the
16  ALJ concluded that, given all of these factors, plaintiff
17  would have been able to perform the requirements of
18  representative occupations such as a laundry worker II, a
19  hospital food service worker, and kitchen helper.  As a
20  result, the ALJ concluded that plaintiff was not under a
21  disability at any time from December 7th of 1983 through
22  December 31st of 1988.
23          Now, the Court begins its analysis by setting
24  forth, as the parties know, the Court's -- this Court's
25  functional role in this case is limited and extremely

deferential.  I must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion.  As the Second Circuit noted in the case of Brault V. Social Security Administration Commissioner, and that's found at 683 F.3d 443, a 2012 case, the Second Circuit noted therein the standard is demanding, more so than the clearly erroneous standard.  The Second Circuit noted in Brault that once there is a finding of fact, that fact can be rejected only if a reasonable fact-finder would have to conclude otherwise.

In the plaintiff's brief, the plaintiff raises the following five contentions:

First, plaintiff argues that the ALJ erred in considering the opinion of medical expert Dr. Cohen, who testified that her own opinion was not credible.

Second, plaintiff argues that the ALJ did not give proper consideration to the determination of the Workers' Compensation Board which deemed plaintiff permanently and totally disabled.

Third, plaintiff argues that his medical impairments meet or exceed the severity of listing 12.04, which relates to depression disorder.

Fourth, plaintiff argues that he was denied the

1  full extent of due process because the Appeals Council
2  denied his request for review.
3          And, fifth, plaintiff argues that there was an
4  error in the decision because it was not supported by
5  credible medical documentation or evidence.
6          The Court notes that plaintiff made other claims
7  that in this Court's view do not relate to issues before
8  this Court, which is whether plaintiff was disabled during
9  the relevant period under the Act, such as an assertion that
10 any SSDI benefit that plaintiff received would be subject to
11 a workers' compensation offset and that plaintiff would
12 receive no monetary gain.  As set forth in defendant's
13 brief, those issues are not relevant to the disability
14 determination and they are not before this Court.
15         I start my analysis by setting forth as follows:
16 First, for the reasons set forth in defendant's brief, I
17 find that the ALJ properly considered and found persuasive
18 the opinions from the testifying experts.  Although the
19 gravamen in plaintiff's brief with respect to the medical
20 experts concerns Dr. Cohen, I note that for the reasons
21 stated in defendant's brief the ALJ properly found
22 Dr. Kwock's opinion persuasive.
23         With respect to Dr. Cohen, I find that the ALJ
24 properly found her opinion persuasive.  Dr. Cohen testified
25 that the record lacked diagnostic measures which made it

difficult to formulate any opinion with respect to plaintiff's ability to work. In addition, Dr. Cohen testified that conducting diagnostic testing at the present time, some 35 years later, would not assist her in determining plaintiff's mental functioning during the period in question, that being from December 7, 1983 to December 31, 1988. See docket number 14 at pages 118 through 119 and transcript pages 112 through 113.

Further, Dr. Cohen explained that although plaintiff refused to engage in a psychological evaluation during the relevant time period, that could be but was not necessarily indicative of a mental health problem. Thus, Dr. Cohen and the ALJ were unable to draw any conclusion from plaintiff's refusal.

Moreover, Dr. Cohen explained that plaintiff's depression, diagnosis, and treatment did not equate to a disability, which is why diagnostic measures were needed to establish an individual's functioning.

Finally, as the ALJ concluded, Dr. Cohen's opinion was consistent with one of the few mental status evaluations available, and that completed by Dr. Margo, during which plaintiff provided relevant and coherent answers to questions, had no abnormal thought processes, exhibited average intelligence, had no memory deficits, and was able to perform simple cognitive tasks.

1          For all of these reasons and those stated in the
2   defendant's brief, I find that the ALJ properly afforded a
3   persuasive weight to Dr. Cohen's opinion.
4          Second, with respect to plaintiff's assertion that
5   the ALJ did not give due consideration to the determination
6   of the Workers' Compensation Board that he is permanently
7   and totally disabled, this Court notes that the standards
8   for disability under workers' compensation programs are
9   entirely distinguishable from those for Social Security
10  Disability Insurance benefits.  See case of Naumov versus
11  Commissioner of Social Security, 539 F.Supp 3rd, 273 at
12  page 275.  And that is an Eastern District of New York 2021
13  opinion.  Thus, the opinion provided in a workers'
14  compensation claim is not controlling with respect to a
15  claim of disability claim under the Act.  See also case of
16  Urbanak versus Berryhill, 17-CV-5515, that's a 2018 found at
17  West Law 3750513 at page 24.  And it's a Southern District
18  New York July 18, 2018 case.  Accordingly, any treating
19  physician's determination that plaintiff was totally
20  disabled may well have been true as to his prior employment
21  but cannot be extrapolated to plaintiff's ability to perform
22  any gainful employment.  Again see case of Naumov at 539
23  F.Supp 3d at 275.
24         Third, with respect to the ALJ's determination at
25  step two, I note the following:  Dr. Kwock testified that

objective medical evidence did not establish a radiculopathy medically determinable impairment.  Thus, the ALJ properly concluded that chronic lumbar sprain was the sole physical medically determinable impairment.

The ALJ supportably determined that plaintiff had only a mild limitation in each of the four functional areas set forth in paragraph B.  Thus, plaintiff's mental impairments were deemed nonsevere.

Further, to the extent that the ALJ erred in deeming plaintiff's mental impairment nonsevere, it was harmless error because the ALJ subsequently considered all of plaintiff's impairments.

Fourth, with respect to the ALJ's determination at step three, for the reasons set forth in defendant's brief, the ALJ properly determined that plaintiff's chronic lumbar sprain did not meet the first requirement for listing 1.04 because there was no evidence that plaintiff experienced a compromised nerve root or spinal cord. Instead, as the ALJ cited, plaintiff's medical records reflected normal X-rays, normal CT scan, and normal nerve conduction studies.

The Court also notes that listing 1.00 is merely the heading pursuant to which all musculoskeletal disorders fall and plaintiff must meet the requirements for a specific category to be deemed disabled.

1             Moreover, plaintiff's depression impairment did
2    not meet or equal listing 12.04.  Any mental impairment,
3    whether pursuant to listing 12.04 or 12.06 or 12.07, must
4    meet either the paragraph B or C criteria for a finding of
5    disability pursuant to the Act.  As I previously stated, the
6    ALJ determined that plaintiff experienced no more than a
7    mild, mild limitation in each of the paragraph B criteria.
8    Further, Dr. Cohen testified that plaintiff did not have
9    more than a moderate limitation in any paragraph B criteria
10   because the sole mental status examination was normal.
11   Thus, plaintiff did not experience an extreme limitation in
12   one of the paragraph B functioning areas or, two, marked
13   limitations in the paragraph B functioning areas.
14            Although the ALJ did not conduct a paragraph C
15   analysis with respect to plaintiff's nonsevere mental
16   impairment, a court may uphold an ALJ's finding that a
17   claimant does not meet a listing even where the decision
18   lacks an express rationale for that finding if the
19   determination is supported by substantial evidence.  See
20   Elizabeth G. versus Commissioner of Social Security, that
21   can be found at 21-CV-0411, it is a 2022 case, West Law
22   citation 1689551 at page 15.  And that's a Northern District
23   New York May 26th, 2022 case by Magistrate Judge Hummel.
24   And therein Judge Hummel citing -- hello?
25            Miss Richards, you're still on the line?

1             MS. RICHARDS:  I'm still on the line, your Honor.
2             THE COURT:  All right.  Is plaintiff still on the
3 line?
4             All right.  I do not hear the plaintiff.
5             Miss Painter, are you on the line?
6             THE CLERK:  I am, Judge.
7             THE COURT:  All right.  Do we still have our court
8 reporter on the line?
9             THE COURT REPORTER:  I'm here, Judge.
10            THE COURT:  It appears that plaintiff either hung
11 up or disconnected the call.  I'm going to continue on with
12 my -- I'm going to continue with my decision.
13            So the decision by Magistrate Judge Hummel, and
14 therein Judge Hummel cited the case Andrea K. versus
15 Commissioner of Social Security, and that's found at
16 18-CV-1448, a 2021 case, and the West Law citation is West
17 Law 1224049 at page 6.  And that's a Northern District New
18 York March 31, 2021 case, and that is also issued -- a case
19 issued by Magistrate Judge Hummel.  Plaintiff's depression
20 impairment could not meet the paragraph C criteria because
21 the record did not reflect any mental health
22 hospitalizations or exacerbations of mental health symptoms
23 during the relevant period.  Plaintiff possessed more than a
24 minimal capacity to adapt to changes in the work
25 environment.  See Gabriel C. versus Commissioner of Social

1  Security, 18-CV-0671, that's a 2019 West Law case found at
2  West Law 4466983 at page 8, and that is a Northern District
3  New York September 18, 2019 case written by Magistrate Judge
4  Baxter, and therein finding no reasonable fact-finder could
5  have found that plaintiff had marginal adjustment, as
6  examinations showed largely intact functioning, plaintiff
7  had never been hospitalized for a mental episode, and he
8  could complete daily activities such as attending college
9  classes, drive a vehicle, prepare simple meals, socialize
10 with a few close friends, and care for his cat.
11         And again, these are citations to the case as
12 authored by Judge Baxter.
13         As defendant set forth, merely receiving routine
14 treatment for a condition is insufficient to meet the
15 paragraph C criteria.
16         Fifth, with respect to the RFC determination, for
17 the reasons stated in the defendant's brief, I find that
18 substantial evidence supports the ALJ's RFC determination.
19 The RFC assessment was more restrictive than Dr. Kwock's
20 opinion for heavy exertional work.  The ALJ supportably
21 found that no mental re -- no mental restrictions were
22 necessary based on plaintiff's normal mental status
23 examination, the fact that plaintiff felt no need for a
24 psychiatric evaluation because his pain, not his mood,
25 limited his ability to work.  In addition, the RFC limited

1   plaintiff to unskilled work which is defined as work that
2   needs little or no judgement -- or no -- little or no
3   judgment to do simple duties that can be learned on the job
4   in a short period of time.
5          Finally, with respect to plaintiff's claim that he
6   was denied due process, a review of the record shows that
7   plaintiff's request for review was initially and incorrectly
8   denied as untimely by the Appeals Council on September 11,
9   2020.  See docket number 14 at pages 13 through 14.  The
10  Appeals Council corrected its error on October 20th of 2020
11  and denied plaintiff's request on December 16th, 2020.  See
12  docket number 14 at pages 1 through 2 and 7 through 8.
13  Plaintiff failed to identify any other due process error in
14  the history of this -- his case.
15         As a result of this analysis, the Court concludes
16  plaintiff's motion for judgment on the pleadings is denied.
17  Defendant's motion for judgment on the pleadings is granted.
18  Plaintiff's complaint is dismissed.  And the Commissioner's
19  decision denying plaintiff benefits is affirmed.
20         This constitutes the decision of this Court.
21                           - - - - -